**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Christine M. Arguello**

Civil Action No. 18-cv-03258-CMA

SAVE THE COLORADO,
THE ENVIRONMENTAL GROUP,
WILDEARTH GUARDIANS,
LIVING RIVERS,
WATERKEEPER ALLIANCE, INC., and
SIERRA CLUB,

   Petitioners,

v.

LT. GEN.SCOTT A. SPELLMON, in his official capacity as the Chief of the U.S. Army
Corps of Engineers,
DEBRA HAALAND, in her official capacity as Secretary of the Interior, and
MARTHA WILLIAMS, in her official capacity as Director of the U.S. Fish and Wildlife
Service,[1]

   Respondents, and

CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF
WATER COMMISSIONERS,

   Respondent-Intervenor.

_____

**ORDER GRANTING PETITIONER'S MOTION TO COMPEL PRIVILEGE LOG**

_____

   This matter is before the Court on Petitioners' Motion to Compel Privilege Log

(Doc. # 118). For the following reasons, the Court grants the Motion.

---

[1] The current public officers in these positions are automatically substituted as Respondents in
this action. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

# I.     BACKGROUND

This is an appeal of two final administrative decisions regarding the proposed expansion of a reservoir in Colorado. (Doc. # 45-1, ¶¶ 1–2, 7.) The Denver Board of Water Commissioners ("Denver Water") seeks to enlarge a reservoir which collects water for the City of Denver and surrounding counties. (*Id.* at ¶ 67.) Implementation of the project required, amongst other things, that the municipality apply for a discharge permit from the U.S. Army Corps of Engineers (the "Corps"). (*Id.* at ¶ 66.) In 2017, the Corps granted the requested discharge permit. (*Id.* at ¶ 107; Doc. # 83-1 at 8–50.)[2] As part of their review, the Corps sought biological opinions from the U.S. Fish and Wildlife Service (the "Service") —an agency within the Department of the Interior—to ensure its decision complied with the Endangered Species Act ("ESA"). (Doc. # 45-1, ¶¶ 99–101.) Eventually, the Service determined it did not have jurisdiction over green lineage cutthroat trout. (Doc. # 45-1 at ¶¶ 122–25; Doc. # 115 at 129–38.)

A collection of environmental groups (the "Petitioners") sued to block the reservoir expansion project. (Doc. # 45-1 at ¶¶ 12–31.) Petitioners allege that Federal Respondents—the heads of three Federal Agencies who played roles in the approval process—violated federal law by greenlighting the reservoir expansion. Specifically, Petitioners allege the Corps' approval of the discharge permit violated the Clean Water Act, the National Environmental Policy Act, and the Administrative Procedure Act

---

[2] The exhibits filed at Docs. ## 83–103, 105–14, and 116–17, 119–24 constitute the Corps' Administrative Record in this matter. The exhibits filed at Doc. # 115 constitute the Service's Administrative Record. The Court cites to the docket number of the exhibit (*e.g.,* Doc. # 83-1) and the page number from the Administrative Record (*e.g.,* at 8).

("APA"). (Doc. # 45-1 at ¶¶ 131–51.) Further, Petitioners challenge the Service's 2020

jurisdictional determination regarding the green lineage cutthroat trout under the ESA

and the APA (*Id.* at ¶¶ 7 n.2, 152–68.) Denver Water intervened as a Respondent. (Doc.

# 15.)

The Corps and Service lodged their Administrative Records ("AR") in June 2019

and October 2020 (Docs. ## 26, 56). Pursuant to local rule D.C.COLO.LCivR 5.1(a) and

the Court's Order (Doc. # 81), the Corps and Service filed their ARs electronically in

December 2022 (Docs. ## 83–103, 105–17, 119–24). The December 2022 AR filings

were accompanied by certifications to the completeness of the ARs by agency officers.

*See generally* (Docs. ## 83-1; 115-15.) One such certification, that of Eric Laux—Chief

of the Regulatory Branch for the Corps, Omaha District—states that "[p]rivileged,

confidential, and non-record information has been redacted or otherwise withheld."

(Doc. # 81-1 at 5.)

On January 27, 2023, Petitioners filed the instant Motion to Compel Privilege

Log. (Doc. # 118.) Federal Respondents timely responded (Doc. # 125), and Petitioners

followed with their reply (Doc. # 126).

## II.    DISCUSSION

Under the APA, a reviewing court may set aside an agency's decision if it is

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the

law." *Integrity Advance, LLC v. Consumer Fin. Prot. Bureau*, 48 F.4th 1161, 1169 (10th

Cir. 2022) (quoting 5 U.S.C. § 706(2)).

> Agency action is arbitrary and capricious if an agency "has relied on
> factors which Congress has not intended it to consider, entirely failed to

3

consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, [or] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*High Country Conservation Advocs. v. U.S. Forest Serv.*, 951 F.3d 1217, 1222 (10th Cir. 2020) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

When reviewing an agency's action, courts examine "the whole record or those parts of it cited by the party." 5 U.S.C. § 706. Typically, in an APA case, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

The complete or "whole record" for APA review "consists of all the documents and materials that were "before the agency at the time the decision was made," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (quotation marks omitted), which includes "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches*, 994 F.2d at 739. When determining what materials may have been "indirectly considered" the Court should not take too narrow a view— which would frustrate judicial review, but also should not allow inclusion of any relevant document in the agency's filing cabinet. *Wildearth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1255–56 (D. Colo. 2010). Rather, "[t]he proper touchstone remains the decision makers' actual consideration" which should include "materials that may have influenced the agency's decision, including any evidence that was counter to the agency's position . . . [as well as] work and recommendations of subordinates." *Id.* at

4

1256 (citing *Amfac Resorts LLC v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001)). The agency's "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches*, 994 F.2d at 740. A court can order an agency to add the documents to complete the true administrative record if a movant "show[s] by clear evidence that the record fails to include documents or materials considered by Respondents in reaching the challenged decision." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010).

Petitioners do not point to any specific documents or categories of documents they believe to have been withheld or wrongfully excluded from the AR. Rather, they argue the presumption of regularity does not apply to motions—like the instant one—to compel a privilege log, because such a motion does not contemplate expansion of the AR itself, "it simply allows the Court to have some oversight of the agency's assertions of privilege, the same role it would assume with respect to any other litigant." (Doc. # 118 at 8 (quoting *New York v. ICE*, 438 F. Supp. 3d 216, 218 (S.D.N.Y. 2020))). Alternatively, they assert that the presumption has been rebutted in this instance by Federal Respondents' express concession that they withheld privileged documents. (*Id.* at 8–9.) Further, Petitioners contend that controlling precedent requires the production of a privilege log where agencies have asserted privilege. (*Id.* at 9–14.) Finally, Petitioners point to several policy considerations, including maintaining effectiveness of judicial review over agency action, ensuring separation of powers, and avoiding "all manner of mischief" which may ensue should agencies be permitted to "decide

unilaterally what documents it submits to the reviewing court." (*Id.* at 14–20 (citing *In re United States*, 138 S. Ct. 371, 372 (2017) (Breyer, J., dissenting); *Regents of the Univ. of Cali. v. U.S. Dep't of Homeland Sec.*, No. 17-cv-05211, 2018 WL 1210551, at *6 (N.D. Cal. Mar. 8, 2018))).

Federal Respondents oppose Petitioners' Motion. They assert that Petitioners have not demonstrated that the existing AR is inadequate for effective judicial review. (Doc. # 125 at 9–11.) Additionally, Federal Respondents argue that because Petitioners have not pointed to a single document they believe should be in the AR but is not, they have failed to put forth "clear evidence" that the AR is incomplete. (*Id.* at 11–13.) Therefore, Respondents argue, the instant Motion amounts to "speculation" and a "fishing expedition." (*Id.* at 11, 13, 16.) Rather than "conceding" to withholding documents, Respondents contend that because privileged documents are "*legally irrelevant*," Mr. Laux's certification language merely describes the boundaries of the AR. (*Id.* at 11–12.) However, Federal Respondents never clearly state that they are **not** withholding privileged documents. Respondents assert that the United States Court of Appeals for the Tenth Circuit has rejected a categorical rule that predecisional deliberative documents must be included in an AR or logged. (*Id.* at 13–14.) They further contend that a ruling from this Court in Petitioners' favor would misconstrue the law and result in "a blanket rule holding that 'privilege logs' are required in every APA case." (*Id.* at 9, 14–18.)

## A.      CASE LAW ON PRIVILEGE LOGS IN APA CASES

The Court disagrees with both parties' arguments regarding the state of binding

authority on privilege logs in APA cases. Citing to the decree that a district court "may

not compel the Government to disclose any document that the Government believes is

privileged without first providing the Government with the opportunity to argue the

issue," *In re United States*, 138 S. Ct. 443, 445 (2017), Petitioners argue that the

Supreme Court of the United States has held that privileged documents are part of an

AR. However, to this Court's knowledge no court has read this language, or Justice

Breyer's dissent to the Court's grant of a stay in the same case, *In re United States*, 138

S. Ct. 371, 374 (2017), as conclusively determining the legal status of privileged

documents in APA cases. And the Court declines to do so now.

Rather, federal circuit and district courts are split on the question of whether

privileged documents are part of an AR which may be legally withheld, or whether they

fall outside the legal boundaries of an AR—thus requiring neither inclusion, nor

disclosure in a privilege log. For example, the D.C. Circuit has concluded that an agency

is not required to submit a log to support its withholding of privileged predecisional

deliberative documents because such documents

> are not part of the administrative record to begin with, so they do not need
> to be logged as withheld from the administrative record. As we have held,
> on arbitrary and capricious review, absent a showing of bad faith or
> improper behavior, agency deliberations not part of the record are deemed
> immaterial. Because predecisional documents are immaterial, they are not
> discoverable. A privilege log is required only when a party withholds
> information otherwise discoverable by claiming that the information is
> privileged, and since predecisional documents are irrelevant and therefore

not otherwise discoverable, they are not required to be placed on a privilege log.[3]

*Oceana, Inc. v. Ross*, 920 F.3d 855, 856 (D.C. Cir. 2019) (quotations and citations omitted); *see also Friends of Animals v. U.S. Fish and Wildlife Serv.*, No. 4:18-cv-00053-DN-PK, 2019 WL 8137578, at *3 (D. Utah Dec. 27, 2019) ("*Ross* is persuasive. An agency is not required to assert a privilege or produce a privilege log in order to withhold pre-decisional, deliberative materials from the record."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) ("A complete administrative record, however, does not include privileged materials, such as documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege.").

Federal Respondents argue, *inter alia*, that this Court should agree with the reasoning in *Oceana* because it "follows Tenth Circuit law." (Doc. # 125 at 14 n.5.) *Oceana* cites to one Tenth Circuit case, *Bar MK Ranches*, 994 F.2d at 739, for the statement that "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana*, 920 F.3d at 865. However, this singular reliance on a Tenth Circuit case for a legal standard, does not indicate to this Court that *Oceana's* conclusion regarding the legal status of privileged documents in APA cases is derived from Tenth Circuit

---

[3] Both parties concede the existence of a deliberative process privilege which "protects from disclosure documents [and information] generated during an agency's deliberations" about a policy or decision, "as opposed to documents that embody or explain" a policy or decision that the agency adopts. *Fish and Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 783 (2021). The purpose of the privilege "is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (quotation marks omitted).

precedent. Therefore, this Court considers *Oceana*, like all other out-of-circuit cases, to be nonbinding, persuasive authority.

No other circuit court has addressed the issue in a published opinion. *Sierra Club v. U.S. Army Corps of Engineers*, No. 2:20-cv-00396-LEW, 2022 WL 2953075, at *3 (D. Me. July 26, 2022). The Second, Fourth, and Ninth Circuits have arguably endorsed an approach that is contrary to the D.C. Circuit's in unpublished decisions. *Id.* (citing *Defenders of Wildlife v. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019) (ordering agency to file the administrative record and "submit a privilege log in the event the Government withholds any documents under the guise of the deliberative process privilege (or any other privilege)"); *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (denying a writ of mandamus and stating that "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege"); *In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) (noting that the court had "not previously addressed whether assertedly deliberative documents must be logged" but that it was the practice of "many district courts within this circuit," and upholding a district court's order requiring a privilege log), *rev'd on other grounds*, 138 S. Ct. 443 (2017))). The Tenth Circuit has not addressed the issue in either a published or unpublished decision. *See Pitman v. U.S. Citizenship and Immigr. Servs.*, No. 2:17–cv–00166–CW–EJF, 2018 WL 3232355, at *2 (D. Utah July 2, 2018).

District courts, even some within the same district, are also split. *Compare, e.g.*, *Friends of Animals*, 2019 WL 8137578, at *3 (agreeing with the D.C. Cir. and concluding the agency was not required to produce a privilege log to withhold predecisional,

deliberative documents), *with Pitman*, 2018 WL 3232355, at *3 (finding "the cases

requiring the production of a privilege log more persuasive" and ordering such a log be

produced). However, the growing consensus among district courts supports Petitioners'

position that agencies must submit a log if they withhold privileged materials from an

AR. *See, e.g.*, *Clinch Coalition v. U.S. Forest Serv.*, 597 F. Supp. 3d 916, 924–25 (W.D.

Va. 2022) (noting that "documents may be withheld under a deliberate process privilege

. . . . But it does not follow that the agency should have the final, unreviewable word on

that designation. Nor does it follow that predecisional deliberative documents are

categorically irrelevant."); *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213,

1226–28 (D. Idaho 2021) ("the correct way to address the tension between APA review

and deliberative process privilege is for Defendants either to file a privilege log or submit

allegedly privileged documents for in camera review."); *Bartell Ranch LLC v. McCullogh*,

No. 3:21-cv-00080-MMD-CLB, 2021 WL 6118738, at *3 (D. Nev. Dec. 27, 2021)

(requiring production of a privilege log where defendants admitted that deliberative

materials were omitted from the AR).

Finally, within this district, all judges to have considered the issue have ordered

the production of a log where agencies have asserted privilege. *See, e.g.*, *Rocky

Mountain Wild v. Walsh*, No. 15–cv–0615–WJM, 2016 WL 8234665, at *5 (D. Colo. May

10, 2016); *Wildearth Guardians*, 713 F. Supp. 2d at 1255–56; *Ctr. For Native

Ecosystems v. Salazar*, 711 F. Supp. at 1276 n.10 ("[I]n order to allow meaningful

review of any assertions of privilege Respondents shall compile, as necessary, a

privilege log."). However, the court notes that—unlike the instant Motion—in each of

these cases petitioners identified actual documents or specific categories of documents

missing from the AR. *Rocky Mountain Wild*, 2016 WL 8234665, at *4; *Wildearth*

*Guardians*, 713 F. Supp. 2d at 1257–59, 1261–63; *Ctr. For Native Ecosystems*, 711 F.

Supp. 2d at 1271, 1276.

Thus, the Court concludes there is no authority binding this Court to either order

or decline to order a privilege log under the specific circumstances of the instant Motion.

**B.      APPLICATION**

The Court declines to follow the D.C. Circuit and district courts which hold that

privileged documents are not part of the AR and therefore need not be logged. As

discussed above, the APA requires district courts to review the "whole" AR, defined as

"all documents and materials directly or indirectly considered by the agency." 5 U.S.C. §

706; *Bar MK Ranches*, 994 F.2d at 739. Thus, "[t]he proper touchstone remains the

decision makers' actual consideration." *Wildearth Guardians*, 713 F. Supp. 2d at 1256.

Like many other district courts, therefore, this Court concludes privileged documents are

"not categorically excluded from the administrative record. Rather, they are excluded

upon a substantiated claim of the deliberative process[, or other] privilege." *Ctr. for*

*Biological Diversity v. U.S. Fish and Wildlife Serv.*, No. 2:19-CV-14243-

ROSENBERG/MAYNARD, 2020 WL 2732340, at *5 (S.D. Fla. May 26, 2020).

Further, the Court notes that the deliberative process privilege is not absolute.

*See New York*, 438 F. Supp. 3d at 218 n.3. Therefore, it is proper that if an agency

wishes to withhold documents that would otherwise be included in an AR on the basis of

such a privilege, it ought to be required to file a log of the withheld documents. *See* Fed.

R. Civ. P. 26(b)(5)(A) (permitting a party to withhold information on the grounds of

privilege, if the withholding party expressly asserts the privilege and, in doing so,

describes the "nature of the documents, communications, or tangible things not

produced or disclosed . . . ."). As a sister district recently pointed out:

> The preparation of a log would not be overly burdensome as the number
> of deliberative documents is likely relatively small when compared to the
> entire record. A log is a practical and meaningful way to allow a party and
> ultimately a court to assess whether an agency has properly characterized
> a document as part of the deliberative process.

*Sierra Club*, 2022 WL 2953075, at *4.

Federal Respondents correctly note that Petitioners have not pointed to one or

more specific documents or categories of documents missing from the AR. (Doc. # 125

at 11–13.) However, neither have Respondents expressly stated that no privileged

documents have been withheld. Therefore, the Court believes it is appropriate to require

Federal Respondents to file with the Court either (a) a certification that they have not

withheld documents on the basis of privilege, or (b) a privilege log listing the documents

they have withheld and their basis for doing so. This procedure is an appropriate means

by which to "address the tension between APA review and [the] deliberative process

privilege," or other privileges, to which Federal Respondents may be entitled. *Friends of

the Clearwater*, 523 F. Supp. 3d at 1227. The Court disagrees with Respondents'

assertion that this amounts to "a blanket rule holding that 'privilege logs' are required in

every APA case." (*Id.* at 9, 14–18.) Rather, this Court concludes that privilege logs

should be required where a party asserts a privilege. *See* Fed. R. Civ. P. 26(b)(5)(A).

### III.   CONCLUSION

For the foregoing reasons, Petitioners' Motion to Compel Privilege Log (Doc. #

118) is GRANTED. It is ORDERED that on or before April 7, 2023, Federal

Respondents shall file with the Court either (a) a certification that they have not withheld

privileged documents from the administrative record, or (b) a privilege log listing the

documents they have withheld and their basis for doing so.

DATED: March 7, 2023.

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior States District Judge

13