# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-3258-CMA

SAVE THE COLORADO, a Colorado nonprofit corporation;
THE ENVIRONMENTAL GROUP, a Colorado nonprofit corporation;
WILDEARTH GUARDIANS, a nonprofit corporation;
LIVING RIVERS, a nonprofit corporation;
WATERKEEPER ALLIANCE, INC., a nonprofit corporation; and
SIERRA CLUB, a nonprofit corporation,

    Petitioners,

v.

LIEUTENANT GENERAL WILLIAM GRAHAM, JR., in his official capacity as the Chief of the U.S. Army Corps of Engineers;
DOUG BURGUM, in his official capacity as Secretary of the Interior; and
BRIAN NESVIK, in his official capacity as Director of the U.S. Fish and Wildlife Service,

    Respondents,

and

CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,

    Respondent-Intervenor.

## ORDER TO PRODUCE AND PROTECTIVE ORDER

    This matter comes before the Court on the Petitioners' Emergency Motion for Telephonic Status Conference (Doc. # 185) in which Petitioners indicate that they have made repeated, good-faith efforts to obtain information that they believe they need in order to prepare for the evidentiary hearing currently scheduled for May 6, 2025.

Petitioners indicate that Denver Water has refused to provide pertinent materials and information that is essential to prepare for the hearing. In particular, Petitioners requested the following documents: "any general arrangements for the Project, schematics, blueprints, construction sequencing diagrams, safety-related materials, or other Project documents that are relevant to the safety issues at the heart of the Court's upcoming hearing." (Doc. # 185 at 2.) Petitioners also requested answers to four questions:

1. Are there any construction interim risk management plans or reports, particularly with respect to reservoir management/control, and if so can we please have access to them?
2. What was the original spillway capacity? What flood annual exceedance probability or return period does this relate to?
3. What is the current construction period flood annual exceedance capacity? What are the specific consequences of overtopping?
4. What specific failure modes are considered during the construction period that require mitigation if construction is delayed?

(Doc. # 185 at 2–3.) Denver Water's response to Petitioners' informal request was:

> [It] does not think it appropriate to provide Petitioners with information about the Dam's construction and safety risks beyond what is in the extensive public record, which includes both the Corps' administrative record and FERC's record. Information such as schematics, blueprints, and safety analyses that are not in the public record are not public for good reasons, including that disclosing them poses Dam security risks. And we don't intend, and don't think it is necessary, to enter evidence beyond what is already in the public record to answer the questions the judge has posed, so you will not be at any disadvantage in that regard. We will prepare our Project management and safety personnel to discuss injunction-related safety risks with the Court to serve the stated purpose of the hearing, asking the Court to take any measures needed to protect sensitive or confidential information, and you will be able to raise any questions you have in response to their testimony at that time.

(Doc. # 185 at 3 (quoting Denver Water's counsel's April 14, 2025 response).)

2

Further, in Denver Water's Response to Emergency Motion for Status Conference (Doc. # 186), Denver Water indicates that it is unnecessary to provide the requested information to Petitioners' counsel:

> The Court's Remedy Order (Dkt. 176) did not contemplate that the parties would engage in document exchange or other discovery before the upcoming hearing on the construction injunction, and no such exchange of information is necessary to address that issue. The Remedy Order directs each side to "present testimony" on "what is reasonable and necessary to make the currently existing [Dam] structure safe, including what is necessary for continued site stabilization, monitoring, and maintenance activities." Remedy Order at 22. Denver Water will provide witness testimony on these topics at the May 6 hearing, and does not anticipate relying on any plans, diagrams, or other documents beyond those in the Corps' administrative record, the publicly available parts of FERC's record, or filed on the docket in this case.

(Doc. # 186 at 1–2 (internal footnote citation excluded).)

This Court's order was very clear that it expected the parties "to present testimony from one or more **experts** on both sides of this case" to testify as to "what is reasonable and necessary to make the currently existing structure safe, including what is necessary for continued site stabilization, monitoring, and maintenance activities, to guide the Court's decision on a tailored permanent injunction regarding construction of the dam." (Doc. # 176 at 22 (emphasis added).)

With the exception of Petitioners' request for "any general arrangements for the Project" (*see* Doc. # 185 at 2), the information requested by Petitioners is neither substantial nor burdensome. The documents and information requested by Petitioners are reasonable requests and are precisely the type of information that this Court believes needs to be presented to the Court at the May 6, 2025 hearing to explain and

3

substantiate the testimony of Denver Water's experts and to allow Petitioners to prepare their experts and to prepare their cross-examination of Denver Water's experts.

Therefore, it is ORDERED that no later than Wednesday, April 30, 2025 at 5:00 p.m., Petitioners and Denver Water shall disclose to one another the names of any and all witnesses they intend to call to testify at the May 6, 2025 hearing and shall provide the résumé or curriculum vitae of such witnesses.

It is FURTHER ORDERED that, by no later than 5:00 p.m. on Friday, April 25, 2025,

1. Denver Water shall produce to Petitioners' counsel the documents requested by Petitioners' counsel, with the exception of "any general arrangements for the Project." Denver Water shall stamp such documents "Confidential" (in a manner that will not interfere with legibility of the document).

and

2. Denver Water shall provide to Petitioners' counsel answers to the four questions posed by Petitioners' counsel.

It is FURTHER ORDERED that, unless otherwise ordered by this Court, Petitioners' counsel shall hold all documents and information ("Confidential Information") produced in accordance with this Order as confidential and shall use this information solely for the purpose of preparing for the hearing scheduled for May 6, 2025. Petitioners' counsel shall not use, transfer, disclose, or communicate the Confidential Information in any way to any third parties, except that such Confidential Information may be disclosed to:

 (a) Attorneys actively working on this case.

 (b) Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case.

 (c) Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for the May 6, 2025 hearing. Prior to disclosing any Confidential Information to an expert witness or consultant referenced in this paragraph, Petitioners' counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 (d) The Court and its employees ("Court Personnel").

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

It is FURTHER ORDERED that Petitioners' Emergency Motion for a Telephonic Status Conference (Doc. # 185) is DENIED AS MOOT.

DATED: April 22, 2025

       BY THE COURT:

       *(signature)*
       CHRISTINE M. ARGUELLO
       Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-3258-CMA

SAVE THE COLORADO, a Colorado nonprofit corporation, *et al.*,

    Petitioners,

v.

LIEUTENANT GENERAL WILLIAM GRAHAM, JR., in his official capacity as the Chief of the U.S. Army Corps of Engineers, *et al.*,

    Respondents,

and

CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,

    Respondent-Intervenor.

---

# EXHIBIT A TO PROTECTIVE ORDER
# CONFIDENTIALITY AGREEMENT

---

    I, _____ the undersigned, hereby declare that:

    I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

    I acknowledge that I have been provided with a copy of the Protective Order issued by the Court in the above captioned civil action and understand that such Order requires confidentiality with respect to Confidential Information provided to me by Petitioners' counsel in order to assist me in preparation for my testimony at a hearing related to the safety of the Dam at issue in the above captioned civil action. I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the provisions of the Protective Order.

    I understand that I must return to Petitioners' counsel any and all documents in my possession which were designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

    Executed on _____    _____
                                                                     (Signature)