IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-3258-CMA

SAVE THE COLORADO, a Colorado nonprofit corporation;
THE ENVIRONMENTAL GROUP, a Colorado nonprofit corporation;
WILDEARTH GUARDIANS, a nonprofit corporation;
WATERKEEPER ALLIANCE, INC., a nonprofit corporation; and
SIERRA CLUB, a nonprofit corporation.

       Petitioners,

v.

LIEUTENANT GENERAL WILLIAM H. GRAHAM, in his official capacity as Chief of Engineers of the U.S. Army Corps of Engineers, et al.,

       Respondents, and

CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,

       Respondent-Intervenor.

## AMENDED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of an Amended Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including all documents produced, responses to requests for information, and other information disclosed pursuant to the Court's Protective Order dated April 22, 2025.

2. By no later than 5:00 p.m. on Friday, April 25, 2025,

    a. Denver Water shall produce to Petitioners' counsel the documents requested by Petitioners' counsel, with the exception of "any general arrangements for the Project." Denver Water shall stamp such documents "Confidential" (in a manner that will not interfere with legibility of the document). and

    b. Denver Water shall provide to Petitioners' counsel answers to the four questions posed by Petitioners' counsel.

3. Petitioners' counsel shall hold all documents and information ("Confidential Information") produced in accordance with this Order as confidential and shall use this information solely for the purpose of preparing for the hearing scheduled for May 6, 2025.

4. Petitioners' counsel shall not use transfer, disclose, or communicate the Confidential Information in any way to third parties, except that such Confidential Information may be disclosed to:

    a. Attorneys actively working on this case.

    b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or other proceedings in this case.

    c. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for the May 6, 2025 hearing. Prior to disclosing any Confidential Information to an expert witness or consultant referenced in this paragraph, Petitioners' counsel shall provide such person with a copy of

this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A to the Court's Protective Order dated April 22, 2025. All such written assurances shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

d. The Court and its employees ("Court Personnel").

5. <u>At the start of the May 6 hearing, the Parties shall identify which documents and testimony they plan to introduce as exhibits that will display or discuss Confidential Information and designate the portions of their planned expert testimony that will reference that Confidential Information. The Court shall cause the courtroom to be sealed to the public during testimony displaying or discussing Confidential Information.</u>

6. <u>If any party seeks to file in this case documents designated as Confidential Information, or briefs or other papers discussing Confidential Information, that party will either move to restrict public access in accordance with Local Rule 7.2, or notify the other parties, at least fourteen (14) days prior, of their intent to file Confidential Information. The parties will confer and attempt to agree on the appropriate level of access to be afforded each document. If no agreement is reached, the party seeking to restrict access shall file a motion to restrict access to the Confidential Information, which shall not be filed until after resolution of the motion to restrict.</u>

7. <u>Within sixty (60) days following the entry of final judgment in this case or the resolution of any appeal from the final judgment entered in this case (whichever is later), Petitioners and all other parties or persons who receive Confidential Information from</u>

Denver Water shall destroy the Confidential Information or return it to Denver Water, and Petitioners shall confirm the same in writing to counsel for Denver Water. The Parties may keep attorney work product that refers or relates to any Confidential Information and a complete set of all documents filed with the Court.

8. Confidential information may not be disclosed, filed, relied on, or used in any other case or proceeding beyond this case and any appeals from this case.

9. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: April 29, 2025

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge